UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MORGAN & CURTIS ASSOCIATES, INC., on
behalf of itself and all others similarly situated,

                   Plaintiff,

       -vs.-

FOFO'S TOY INC. D/B/A THE EMPORIUM,

                  Defendant.

17 CV _____

Complaint

Class Action

Jury Demanded

## **COMPLAINT**

Plaintiff Morgan & Curtis Associates, Inc. ("Plaintiff"), on behalf of itself and all others similarly situated, alleges as follows:

## **INTRODUCTION**

1.      Plaintiff brings this action against FoFo's Toy Inc. d/b/a The Emporium ("Defendant") for violating the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") and N.Y. General Business Law ("GBL") § 396-aa.  Congress enacted the TCPA in 1991 to prevent the faxing of unsolicited advertisements to persons who had not provided express invitation or permission to receive such faxes.  In addition, the TCPA and regulations promulgated pursuant to it prohibit the sending of unsolicited as well as solicited fax advertisements that do not contain properly worded opt-out notices.  The New York legislature enacted GBL § 396-aa for similar purposes.

2.      Upon information and belief, Defendant has sent or caused to be sent over five thousand (5,000) unsolicited and solicited fax advertisements for goods and/or services without proper opt-out notices to persons throughout the United States within the

applicable limitations period for the TCPA, which is four years.  As a result, Defendant is liable to Plaintiff and the proposed Classes A and B of similarly situated persons under the TCPA.

3.      Upon information and belief, Defendant has caused to be sent out thousands of fax advertisements for goods and/or services that were unsolicited and lacked proper opt-out notices to persons throughout New York state within the applicable limitations period for GBL §396-aa, which is three years.  As a result, Defendant is liable to Plaintiff and the proposed Class C of similarly situated persons under GBL § 396-aa.

## JURISDICTION AND VENUE

4.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

5.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) because this is the judicial district in which Defendant resides..

6.      This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's and Class C's claims under GBL § 396-aa.

## THE PARTIES

7.      Plaintiff is a New York corporation with its principal place of business located at 95 Broadway, Hicksville, New York 11801.

**8.**      Upon information and belief, Defendant is a New York Corporation with its principal place of business located at 9 Railroad Avenue, Patchogue, New York 11772.

## DEFENDANTS' ILLEGAL JUNK FAXES

9.      At all times relevant to this action, Plaintiff had telephone service at its place of business located at 95 Broadway, Hicksville, New York 11801.  Plaintiff

receives facsimile transmissions on its telephone facsimile machine at this location.

10.     Upon information and belief, twice on or about February, 2014 and once on or about October, 2014, Defendant, without Plaintiff's express invitation or permission, arranged for and/or caused a telephone facsimile machine, computer, or other device to send unsolicited fax advertisements (the "the February 2014 Fax Advertisements" and the "the October 2014 Fax Advertisement", respectively)(collective "the Fax Avdertisements") advertising the commercial availability or quality of any property, goods, or services, to Plaintiff's fax machine located at located at 95 Broadway, Hicksville, New York 11801.  A copy of the Fax Advertisement is attached hereto as Exhibit A and are incorporated into this Complaint by reference.

11.     Plaintiff did not provide Defendant with express invitation or permission to send any fax advertisements to Plaintiff.  The Fax Advertisements were wholly unsolicited.

12.     The February 2014 Fax Advertisements contained an opt-out notice that stated as follows: "To opt out from future faxes go to www.deletemyfaxnumber.com and enter PIN# 16943, or call 877-284-7887.  The recipient may make a request to the sender not to send any future faxes and that failure to comply with the request within 30 days is unlawful."

13.     The October 2014 Fax Advertisement did not contain any opt-out notice whatsoever.

14.     The opt-out notice on the Fax Advertisement violates the TCPA and regulations in numerous ways, including but not limited to, that the opt-out notice fails to state:

**A.** that recipients can opt-out of receiving any future fax advertisements;

**B.**  a domestic contact telephone number for the recipient to transmit an opt-out request to the sender;

**C.**   that failure by the ACT to abide by an opt-out request within 30 days is unlawful;

**D.**  that any request by the fax recipient to the sender of such fax not to send any future faxes to a telephone facsimile machine or machines must identify the telephone number or numbers of the facsimile machine or machines to which the request relates;

**E.**  that a valid opt-out request remains effective unless the person making the request subsequently expressly consents to receiving any fax advertisements; and

**F.**  that an opt out request from receiving future fax advertisements will only be honored if it was made to the telephone number, facsimile number, website address or e-mail address identified in the sender's fax advertisement.

15.    The Opt-Out Notice or the lack thereof in the Fax Advertisement violates GBL § 396-aa because, among other things, it

(A)    fails to state that a recipient may make an opt-out request by written, oral or electronic means.

16.    Plaintiff suffered harm from Defendant sending it the Fax Advertisements in that the fax advertisements wasted Plaintiff's paper and toner, occupied Plaintiff's fax machine and fax telephone line, wasted Plaintiff's time and caused Plaintiff annoyance. Plaintiff also suffered harm and/or had a real risk of future harm because the Fax Advertisements failed to contain the information necessary for Plaintiff to effectively opt-out of receiving future fax advertisements from Defendant which would cause the harms

4

described in the previous sentence of this paragraph.

17.     Upon information and belief, Defendant either negligently or willfully and/or knowingly arranged for and/or caused the Fax Advertisement to be sent to Plaintiff's fax machine.

18.     Upon information and belief, Defendant either negligently or willfully and/or knowingly arranged for and/or caused the Fax Advertisement to be sent to Plaintiff's fax machine.

19.     Upon information and belief, Defendant has, from four years prior to the date of the filing of the Complaint in this action through the present, either negligently or willfully and/or knowingly sent and/or arranged to be sent well over five thousand (5,000) *unsolicited and/or solicited* fax advertisements advertising the commercial availability or quality of Defendant's  property, goods, or services, to fax machines and/or computers belonging to thousands of persons all over the United States.  Upon information and belief, those fax advertisements contained a notice identical or substantially similar to the Opt-Out Notice contained in the Fax Advertisement sent to Plaintiff.

20.     Upon information and belief, Defendant has, from four years prior to the date of the filing of the Complaint in this action through the present, either negligently or willfully and/or knowingly sent and/or arranged to be sent well over five thousand (5,000) *unsolicited* fax advertisements advertising the commercial availability or quality of Defendant's property, goods, or services, to fax machines and/or computers belonging to thousands of persons throughout the United States.  Upon information and belief, those facsimile advertisements contained an opt-out notice identical or substantially similar to the Opt-Out Notice contained in the Fax Advertisement sent to Plaintiff.

21.     Upon information and belief, Defendant has, from three years prior to the filing of the Complaint in this action to the present, either negligently or willfully and/or knowingly sent and/or arranged to be sent thousands of *unsolicited* fax advertisements advertising the commercial availability or quality of Defendant's property, goods, or services, to fax machines and/or computers belonging to thousands of persons in New York State.  Upon information and belief, those facsimile advertisements contained an opt-out notice identical or substantially similar to the Opt-Out Notice contained in the Fax Advertisement sent to Plaintiff or contained no opt-out notice at all.

## CLASS ALLEGATIONS

22.     Plaintiff brings this class action on behalf of itself and all others similarly situated under rules 23(a) and 23(b)(1)-(3) of the Federal Rules of Civil Procedure.

23.     Plaintiff seeks to represent three classes (the "Classes") of individuals, each defined as follows:

Class A:  All persons from four years prior to the date of the filing of the Complaint through the present to whom Defendant sent or caused to be sent at least one *solicited or unsolicited* facsimile advertisement advertising the commercial availability or quality of any property, goods, or services that contained a notice identical or substantially similar to the Opt-Out Notices in the Fax Advertisement Defendant sent or caused to be sent to Plaintiff.

Class B:  All persons from four years prior to the date of the filing of the Complaint through the present to whom Defendant sent or caused to be sent at least one *unsolicited* facsimile advertisement advertising the commercial availability or quality of any property, goods, or services that contained a notice

identical or substantially similar to the Opt-Out Notice on the Fax Advertisement Defendant sent or caused to be sent to Plaintiff.

        Class C:  All persons in the State of New York to whom, from three years prior to the date of the filing of the Complaint to the present, Defendant sent or caused to be sent at least one facsimile advertisement without having obtained express invitation or permission to do so and/or that contained a notice identical or substantially similar to the Opt-Out Notice on the Fax Advertisement Defendant sent or caused to be sent to Plaintiff.

24.    <u>Numerosity</u>: The Classes are so numerous that joinder of all individual members in one action would be impracticable.  The disposition of the individual claims of the respective class members through this class action will benefit the parties and this Court.  Upon information and belief there are, at a minimum, thousands of class members of Classes A, B and C.  Upon information and belief, the Classes' sizes and the identities of the individual members thereof are ascertainable through Defendants' records, including Defendants' fax and marketing records.

25.    Members of the Classes may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to the Classes and deemed necessary and/or appropriate by the Court.

26.    <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the members of Class A because the claims of Plaintiff and members of Class A are based on the same legal theories and arise from the same unlawful conduct.  Among other things, Plaintiff and members of Class A were sent or caused to be sent by Defendant at least one fax

advertisement advertising the commercial availability or quality of any property, goods, or services that contained a notice identical or substantially similar to the Opt-Out Notice in the Fax Advertisement that Defendants sent or caused to be sent to Plaintiff.

27.     Plaintiff's claims are typical of the claims of the members of Class B because the claims of Plaintiff and members of Class B are based on the same legal theories and arise from the same unlawful conduct.  Among other things, Plaintiff and the members of Class B were sent or caused to be sent by Defendant, without Plaintiff's or the Class B members' express permission or invitation, at least one fax advertisement advertising the commercial availability or quality of any property, goods, or services that contained a notice identical or substantially similar to the Opt-Out Notice in the Fax Advertisement that Defendant sent or caused to be sent to Plaintiff.

28.     Plaintiff's claims are typical of the claims of the members of Class C because the claims of Plaintiff and members of Class C are based on the same legal theories and arise from the same unlawful conduct.  Among other things, Plaintiff and members of Class C were sent or caused to be sent by Defendant, without Plaintiff's or the Class C members' express permission or invitation, at least one fax advertisement advertising the commercial availability or quality of any property, goods, or services that contained a notice identical or substantially similar to the Opt-Out Notice in the Fax Advertisement that Defendant sent or caused to be sent to Plaintiff.

29.     <u>Common Questions of Fact and Law</u>:  There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Classes.

30.     The questions of fact and law common to Plaintiff and Class A predominate over questions that may affect individual members, and include:

(a)  Whether Defendant's sending and/or causing to be sent to Plaintiff and the members of Class A, by facsimile, computer or other device, fax advertisements advertising the commercial availability or quality of any property, goods or services that contained a notice identical or substantially similar to the Opt-Out Notice in the Fax Advertisement violated 47 U.S.C. § 227(b) and the regulations thereunder;

(b)  Whether Defendant's sending and/or causing to be sent such fax advertisements was knowing or willful;

(c)  Whether Plaintiff and the members of Class A are entitled to statutory damages, triple damages and costs for Defendant's conduct;

(d) Whether Plaintiff and members of Class A are entitled to multiple statutory damages per fax advertisement Defendant sent or cause to be sent to them because each fax advertisement contains multiple violations of the TCPA and the regulations promulgated thereunder?;  and

(e)  Whether Plaintiff and members of Class A are entitled to a permanent injunction enjoining Defendant from continuing to engage in its unlawful conduct.

31.    The questions of fact and law common to Plaintiff and Class B predominate over questions that may affect individual members, and include:

(a) Whether Defendant's sending and/or causing to be sent to Plaintiff and the members of Class B, without Plaintiff's or the Class B members' express invitation or permission, by facsimile, computer or other device, fax advertisements advertising the commercial availability or quality of any property, goods, or services that contained a notice identical or substantially similar to the

Opt-Out Notice in the Fax Advertisement violated 47 U.S.C. § 227(b) and the regulations thereunder;

(b) Whether Defendant's sending and/or causing to be sent to Plaintiff and the members of Class B such unsolicited fax advertisements was knowing or willful;

(c) Whether Plaintiff and the members of Class B are entitled to statutory damages, triple damages and costs for Defendant's conduct;

(d) Whether Plaintiff and members of Class B are entitled to multiple statutory damages per fax advertisement Defendant sent or cause to be sent to them because each fax advertisement contains multiple violations of the TCPA and the regulations promulgated thereunder?; and

(e) Whether Plaintiff and members of Class B are entitled to a permanent injunction enjoining Defendant from continuing to engage in its unlawful conduct.

32.   The questions of fact and law common to Plaintiff and Class C predominate over questions that may affect individual members, and include:

(a) Whether Defendant's sending and/or causing to be sent to Plaintiff and the members of Class C, without Plaintiff's and Class C's express invitation or permission, by facsimile, computer or other device, fax advertisements advertising the commercial availability or quality of any property, goods, or services, violated GBL § 396-aa; and

(b) Whether Plaintiff and the members of Class C are entitled to statutory damages for Defendant's conduct; and

(c) Whether Plaintiff and members of Class C are entitled to multiple statutory damages per fax advertisement Defendant sent or cause to be sent to them because each fax advertisement contains multiple violations of GBL 396-aa?

33.     Adequacy of Representation:  Plaintiff is an adequate representative of the Classes because its interests do not conflict with the interests of the members of the Classes.  Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Classes and has no interests antagonistic to the members of the Classes.  Plaintiff has retained counsel who is competent and experienced in litigation in the federal courts, class action litigation, and TCPA cases.

34.     Superiority:  A class action is superior to other available means for the fair and efficient adjudication of the Classes' claims.  While the aggregate damages that may be awarded to the members of the Classes are likely to be substantial, the damages suffered by individual members of the Classes are relatively small.  The expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Classes to individually seek redress for the wrongs done to them.  The likelihood of the individual Class members' prosecuting separate claims is remote.

35.     Individualized litigation also would present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues.  The conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Classes.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

36.    Injunctive Relief:  Defendant has acted on grounds generally applicable to the members of Classes A and B, thereby making appropriate final injunctive relief with respect to Classes A and B.

## FIRST CLAIM FOR VIOLATION OF THE TCPA

37.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-33.

38.    By the conduct described above, Defendant committed more than five thousand (5,000) violations of 47 U.S.C. § 227(b) against Plaintiff and the members of Class A, to wit: the fax advertisements Defendant sent and/or caused to be sent to Plaintiff and the members of Class A were either (a) unsolicited and did not contain a notice satisfying the requirements of the TCPA and regulations thereunder, or (b) solicited and did not contain a notice satisfying the requirements of the TCPA and regulations thereunder.

39.    Plaintiff and the members of Class A are entitled to statutory damages under 47 U.S.C. § 227(b) in an amount greater than two million, five hundred thousand dollars ($2,500,000).

40.    If it is found that Defendant willfully and/or knowingly sent and/or caused to be sent fax advertisements that did not contain a notice satisfying the requirements of the TCPA and regulations thereunder to Plaintiff and the members of Class A, Plaintiff requests that the Court increase the damage award against Defendant to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3).

## SECOND CLAIM FOR VIOLATION OF THE TCPA

41.    Plaintiff repeats and realleges each and every allegation contained in

paragraphs 1-33.

42.     By the conduct described above, Defendant committed more than five thousand (5,000) violations of 47 U.S.C. § 227(b) against Plaintiff and the members of Class B, to wit:  the fax advertisements Defendant sent and/or caused to be sent to Plaintiff and the members of Class B were unsolicited and did not contain notices satisfying the requirements of the TCPA and regulations thereunder.

43.     Plaintiff and the members of Class B are entitled to statutory damages under 47 U.S.C. § 227(b) in an amount greater than two million, five hundred thousand dollars ($2,500,000).

44.     If it is found that Defendant willfully and/or knowingly sent and/or caused to be sent unsolicited fax advertisements that did not contain a notice satisfying the requirements of the TCPA and regulations thereunder to Plaintiff and the members of Class B, Plaintiff requests that the Court increase the damage award against Defendant to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3).

### THIRD CLAIM FOR INJUNCTIVE RELIEF

45.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-33.

46.     Defendant committed thousands of violations of 47 U.S.C. § 227(b).

47.     Under 47 U.S.C. § 227(b)(3)(A), Plaintiff and the members of Classes A and B are entitled to an injunction against Defendant, prohibiting Defendants from committing further violations of the TCPA and regulations thereunder.

## FOURTH CLAIM FOR VIOLATION OF GBL § 396-aa

48.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-33.

49.     By the conduct described above, Defendant committed numerous violations of GBL § 396-aa against Plaintiff and the members of Class C, to wit: the fax advertisements Defendant sent and/or caused to be sent to Plaintiff and the members of Class C were unsolicited and/or did not contain notices satisfying the requirements of GBL § 396-aa.

50.     Pursuant to GBL § 396-aa, Plaintiff and the members of Class C are entitled to statutory damages in an amount to be determined at trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, on behalf of itself and the members of the Classes, requests:

A.     An order certifying the Classes, appointing Plaintiff as the representative of the Classes, and appointing Aytan Y. Bellin of Bellin & Associates LLC as counsel for the Classes;

B.     an award to Plaintiff and the members of Classes A and B of statutory damages in excess of $2,500,000 for each of Classes A and B, pursuant to 47 U.S.C. § 227(b), for Defendant's violations of that statute and the regulations promulgated thereunder;

C.     if it is found that Defendant willfully and/or knowingly sent and/or caused to be sent the fax advertisements alleged to classes A and/or B, an award of three times the amount of damages described in the previous paragraph, as authorized by 47 U.S.C. § 227(b)(3);

D.      an injunction against Defendant prohibiting them from committing further violations of the TCPA and regulations described above;

E.      an award to Plaintiff and the members of Class C of statutory damages of $100 per violation of GBL § 396-aa in an aggregate amount to be determined at trial; and

F.      such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.


Dated:  White Plains, New York
        February 23, 2017


                    **MORGAN & CURTIS ASSOCIATES,**
                    **INC. ON BEHALF OF ITSELF AND**
                    **ALL OTHERS SIMILARLY SITUATED**


            By: /s/ Aytan Y. Bellin
                Aytan Y. Bellin, Esq.
                Bellin & Associates LLC
                85 Miles Avenue
                White Plains, NY 10606
                (914) 358-5345
                Fax: (212) 571-0284
                aytan.bellin@bellinlaw.com

                *Attorneys for Plaintiff*

# EXHIBIT A

The Emporium - 631-627-8787



MUSIC ★ BAR ★ BEER GARDEN ★ EATERY

# OFFICE PARTY!!

CONGRATULATIONS YOUR COMPANY HAS
WON A FREE OFFICE PARTY INCLUDING
**SELECT OPEN BAR 6 TO 8 PM & FREE ADMISSION THIS FRIDAY**
WITH SPECIAL LIVE PERFORMANCES

**YOU WILL RECIEVE**
**FREE ADMISSION FROM 6PM - 8PM**
**SELECT OPEN BAR FROM 6PM - 8PM**
CALL **631.627.8787** TO CLAIM YOUR COMPANY'S PRIZE TODAY!

**SPECIAL EVENTS EACH WEEK WITH LIVE MUSIC BY TOP LOCAL BANDS**

## FRIDAY FEBRUARY 14, 2014

### F E A T U R I N G
# THAT 70s BAND

9 RAILROAD AVE. • PATCHOGUE, NY • 631.627.8787
www.TheEmporiumNY.com

To opt out from future faxes go to www.deletemyfaxnumber.com and enter PIN# 16943, or call 877-284-7887. The recipient may make a request to the sender not to send any future faxes and that failure to comply with the request within 30 days is unlawful.



# OFFICE PARTY‼

CONGRATULATIONS YOUR COMPANY HAS
WON A FREE OFFICE PARTY INCLUDING
**SELECT OPEN BAR 6 TO 8 PM & FREE ADMISSION THIS FRIDAY**
WITH SPECIAL LIVE PERFORMANCES

## YOU WILL RECIEVE
## FREE ADMISSION FROM 6PM - 8PM
## SELECT OPEN BAR FROM 6PM - 8PM
CALL **631.627.8787** TO CLAIM YOUR COMPANY'S PRIZE TODAY!

**SPECIAL EVENTS EACH WEEK WITH LIVE MUSIC BY TOP LOCAL BANDS**

# FRIDAY FEBRUARY 14, 2014

# F E A T U R I N G
# THAT 70s BAND

9 RAILROAD AVE. • PATCHOGUE, NY • 631.627.8787
www.TheEmporiumNY.com

To opt out from future faxes go to www.deletemyfaxnumber.com and enter PIN# 16943, or call 877-284-7887. The recipient may make a request to the sender not to send any future faxes and that failure to comply with the request within 30 days is unlawful.



## THE EMPORIUM
MUSIC ★ BAR ★ BEER GARDEN ★ EATERY

# FRIDAY OCTOBER 24

# BIG SHOT live on stage

## EVERY FRIDAY COMPLEMENTARY ADMISSION
## & 4 STATION FOOD BUFFET FROM 6-8PM
## TWO-FERS ON ALL DRAFT BEER & WINE

**LONG ISLANDS LARGEST HAPPY HOUR, WITH FREE ADMISISON AND FREE BUFFET 6-8PM
NOW BOOKING HOLIDAY PARTYS INQUIRE AT CATERING@THEEMPORIUMNY.COM**

## OCT 26 CRAIG MORGAN. OCT 28 NONPOINT. OCT 30 BRODY JENNER.
## NOV 7 RUBIX KUBE. NOV 12 SALIVA. NOV 13 LIL JON.
## NOV 16 ZOSO. NOV 19 SAM HUNT. DEC 7 TANTRIC.

### PLEASE CALL 631 275-6200 TO BOOK YOUR COMPANY PARTY

9 Railroad Avenue I Patchogue I NY I 11772 I theemporiumny.com